IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MAURICE DEMAN HALL | § | |
| VS. | § | CIVIL ACTION NO. 9:21cv249 |
| TINA M. METOYER, ET AL | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Maurice Deman Hall, an inmate confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights lawsuit. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff has filed a motion (doc. no. 11) seeking a temporary restraining order. Plaintiff asks the court to direct the defendants not to schedule a disciplinary hearing and to expunge a disciplinary conviction. He also asks to be transferred to the Allred Unit.

Analysis

A party seeking a temporary restraining order must establish the following: (1) there is a substantial likelihood he will prevail on the merits; (2) a substantial threat exists that irreparable harm will result if injunctive relief is denied; (3) the threatened injury outweighs the threatened harm to the defendants and (4) granting relief will not disserve the public interest. *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009). Injunctive relief should be granted only if the party has clearly carried the burden of persuasion as to all four elements. *Bluefield Water Association, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-253 (5th Cir. 2009).

After reviewing the record in this matter, it cannot be concluded that plaintiff has carried his burden of persuasion. At this point, it is not clear that there is a substantial likelihood plaintiff will prevail on the merits in this lawsuit. Further, plaintiff has failed to demonstrate there is a substantial likelihood he will suffer irreparable harm if preliminary injunctive relief is not granted. If he is successful, and if such relief is appropriate, improper disciplinary convictions can be expunged at that time. Further, plaintiff has not shown he will suffer irreparable harm if he is not transferred.

Plaintiff has failed to satisfy his burden of persuasion with respect to at least two of the elements required for preliminary injunctive relief. His motion should therefore be denied.

### Recommendation

Plaintiff's motion for a temporary restraining order should be denied.

### Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within fourteen days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

Failure to object bars a party from (1) *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, (5th Cir. 1996).

SIGNED this 31st day of May, 2022.

_____
Zack Hawthorn
United States Magistrate Judge